J-A02020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINDA MARIE PERRY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE J. PERRY | |
| Appellant | No. 363 EDA 2013 |

Appeal from the Order Entered December 28, 2012
In the Court of Common Pleas of Lehigh County
Domestic Relations at No(s): 2009-FC-1619

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.                **FILED NOVEMBER 18, 2014**

This matter returns to us following a remand in which the trial court was asked to file a supplemental opinion explaining the reasoning for Husband's $2,000.00 attorney's fee award.[1]  Husband sought $16,000.00 in attorney's fees, the Master recommended no fees be awarded and the trial court awarded Husband $2,000.00 in attorney's fees.  Husband contends he is entitled to a greater amount.  The trial court has obliged us and supplied

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In our original decision, filed July 29, 2014, we addressed Husband's seven issues on appeal.  We affirmed six of the issues on the basis of the sound reasoning of the trial court.  We remanded on the issue of attorney's fees, not because the award was inherently improper, but only because the reasoning supporting the award was left unstated.  Without the trial court's reasoning, we could not determine whether there had been an abuse of discretion.

the requested supplemental opinion. Following a review of that decision and in light of our prior decision in this matter, including a thorough review of the certified record, we affirm.

We will not restate the factual or procedural history of this matter. However, we note that this decision is meant to be read in conjunction with our prior memorandum.[2] **See Perry v. Perry**, 363 EDA 2013, filed 7/29/2014.

As stated, the Master recommended denial of Husband's claim for $16,000.00 for attorney's fees. The Master's report noted the extensive amount of support Wife has provided to Husband throughout the separation and divorce as well as the delays attributed to Husband which operated to extend those support payments. While the trial judge agreed, in large part, with the Master's findings, the judge nonetheless awarded Husband $2,000.00 toward attorney's fees.

In justifying this particular amount, the trial judge stated:

This Court awarded counsel fees because, if not granted, Husband would not be able to appropriately defend his rights. Wife's counsel has described Husband as a "malingering spouse" who has only been delaying this matter. However, due to the disparity in income and earning capacity, this Court deemed attorney fees as commensurate under the facts and case law. Ultimately, this Court awarded Husband $2,000.00 of the requested $16,000 for two reasons: 1 – due to the monetary

_____

[2] As stated in the prior decision, our standard of review in such matters is for abuse of discretion. **See Braderman v. Braderman**, 488 A.2d 613, 615-16 (Pa. Super. 1985).

disparity, it allows Husband to defend his rights pursuant to case law, and 2 – had counsel fees not been awarded, this litigation, and others similar, would intolerably frustrate the judicial system's attempts to achieve finalized divorce decrees.

Supplemental Opinion, 8/29/2014, at 2.

Considering the certified record, relevant law, and the trial court's stated reasoning, we find no abuse of discretion in the trial court's determination to award Husband $2,000.00 for attorney's fees.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Strassburger files a dissenting memorandum.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 11/18/2014*

- 3 -